NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

KEVIN MCNAMARA,                :          Civil No. 03-1437 (FSH)

       Petitioner,      :

  v.                           :          **O P I N I O N**

TERRENCE MOORE, et al.,         :

                                :

       Respondents.
---:

**APPEARANCES:**

    KEVIN MCNAMARA, #288129, Petitioner <u>Pro</u> <u>Se</u>
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey  07065

    RAYMOND W. HOFFMAN
    Office of the Essex County Prosecutor
    Essex County Courts Building
    Newark, New Jersey 07102
    Attorneys for Respondents

**HOCHBERG, DISTRICT JUDGE**

    Kevin McNamara ("McNamara"), who is confined at East Jersery State Prison in Rahway, New Jersey, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising a number of grounds for relief.  The State filed an Answer opposing the Petition, accompanied by relevant portions of the State court proceedings.  For the reasons expressed below, the Court will deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability.  <u>See</u> 28 U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

## I.  BACKGROUND

On September 1, 1997, after a jury trial, Petitioner was convicted in the Superior Court of New Jersey of second-degree burglary, in violation of N.J.S.A. 2C: 18-2; third-degree theft (2C: 20-3a); second-degree robbery, (2C: 15-1); fourth-degree criminal mischief (2C: 17-3); fourth-degree aggravated assault; (2C: 12-1b); and fourth-degree resisting arrest (2C: 29-2).  (Answer, Adult Presententce Report.)  His convictions were affirmed on direct appeal on June 16, 1998, and the case remanded for resentencing.  (Answer, Opinion of the New Jersey Superior Court, Appellate Division, A-4013-99T4,  April 11, 2002, at p.2.)  Petitioner thereafter applied for post-conviction relief, which was denied after a hearing at which both Petitioner and his trial counsel testified.  (Id.)  The Appellate Division denied his appeal from the denial of post-conviction relief on April 11, 2002.  (Id.)  Petitioner filed the instant habeas corpus petition on April 1, 2003. (Docket.)  In its Answer, the State opposes the Petition on its merits.

## II.  FACTS

Federal courts in habeas corpus cases are required to give deference to the factual findings of both the state trial and appellate courts.  Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Sumner v. Mata, 449 U.S. 539, 546 (1981) (section 2254 makes no distinction between the factual determinations of a state trial court and those of a state appellate court)).  The factual recital is taken from the New Jersey Appellate Division Opinion on direct appeal in this case (Opinion of the New Jersey Superior Court, Appellate Division, A-4113-96T4, June 16, 1998, pp.2-3.):

> On the evening of August 4, 1995, defendant broke into the home of Jeffrey and Sara Peskin at 500 Old Short Hills Road in Short Hills, New Jersey.  Mr. And Mrs. Peskin were out but their seventeen year old daughter Cara was home at the time.  At one point

during the evening, while she was talking on the telephone, the door bell rang.  She went to the door, looked out through the peephole, and saw no one.  Later, she went to take a shower.  While in the shower, she heard several loud noises and then the sound of someone in the house.  She had taken the family's portable pone with her.  She got out of the shower and called 911.

> Police from Millburn and Livingston responded to the summons and surrounded the house. An individual could be seen in the house, running from window to window, apparently looking for an avenue of escape.  The individual, lateridentified as defendant, then opened the front door.  At least four police officers were in the front, including Sergeant Charles Smith of the Millburn Police Department.  Defendant ignored orders to halt, put his head down and charged into Sergeant Smith.  He was overpowered and arrested.  Items of jewelry were recovered from the Peskins' lawn and bedroom.  The 911 dispatcher who received Cara's call stayed on the telephone with her during the entire episode until defendant was apprehended.  A tape of their conversation was played for the jury during defendant's trial.

### III.  DISCUSSION

<u>Standards Governing Petitioner's Claims</u>

Section 2254(a) grants federal district courts subject matter jurisdiction to entertain a claim that a state prisoner is in custody in violation of the federal constitution or federal law or treaties.  Section 2254(a) provides, in pertinent part:

> . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A habeas corpus petition must "specify all the grounds for relief," and set forth in summary form "the facts supporting each of the grounds thus specified."  <u>See</u> Rule 2 (c) of the Rules Governing Section 2254 Cases in District Courts.  Petitioner has the burden of establishing each claim in the Petition.  <u>See</u> <u>United States v. Abbott</u>, 975 F. Supp. 703,705 (E.D. Pa. 1997).

Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), federal courts in habeas corpus cases must give deference to

3

determinations of the state courts.  Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Parke v. Raley, 506 U.S. 20, 36 (1992)).  Habeas corpus relief must be denied as to

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding [28 U.S.C.  § 2254 (d) (1)].

The Supreme Court interpreted this standard in Williams v. Taylor, 529 U.S. 362 (2000), explaining that

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. [529 U.S. at 412-13]

See also Marshall v. Hendricks, 307 F.3d 36, 51 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003.).  Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.  Williams, 529 U.S. at 409-10.  In addition, "in certain cases it may be appropriate to consider the decisions of inferior federal courts as helpful amplifications of Supreme Court precedent."  Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir.), cert. denied, 524 U.S. 824 (1999).  Finally, in considering claims raised in a habeas petition, federal courts "must presume that the factual

4

findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002).  See also Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001) (federal court must ". . . afford state courts' factual findings a presumption of correctness, which the petitioner can overcome only by clear and convincing evidence.").  See also 28 U.S.C. § 2254 (e)(1).[1]

The United States Supreme Court also has emphasized that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" because, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-20 (1982); Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997), cert. denied, 522 U.S. 1136 (1998).  "[M]ere errors of state law are not the concern of [the federal] Court, unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." Wainwright v. Goode, 464 U.S. 78, 86  (1983) (quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)); see also Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997); United States ex rel. Jacques v. Hilton, 423 F. Supp. 895, 899-900 (D.N.J. 1976).  "[I]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120

---

[1] Section 2254 (e)(1) provides: In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted), cert. denied sub nom. Dist. Attorney of Bucks County v. Smith, 522 U.S. 1109 (1998); see also Wainright v. Sykes, 433 U.S. 72, 81 (1977) (questions of state substantive law are not federal claims); Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A federal district court may not convert a ground asserting a violation of state law into a ground asserting a violation of the federal constitution.[2]  Nor may the court address a constitutional claim that is apparent from the facts of the case, but is not set forth on the face of the petition as a ground for relief.[3]  A federal district court must dismiss a habeas corpus petition, summarily or otherwise, if it appears from the face of the petition that petitioner does not claim a constitutional violation.  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); Rule 4 of the Rules Governing Section 2254 Cases.[4]  "If a state prisoner alleges no

---

[2] See Engle v. Issac, 456 U.S. 107, 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights, and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

[3] See Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir.), cert. denied, 528 U.S. 911 (1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, the district court may not consider ground, evident from the facts but not raised in the petition, that counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[4] Rule 4(c) provides: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  The Advisory Committee Notes to Rule 4 emphasize that "'notice' pleading is not sufficient, for the petition is

deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982); see also James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (3d ed. 1998).

**Claims Asserted in the Petition**

Jail Conditions Allegedly Affecting Petitioner's Ability to Assist at Trial (Grounds 1,2, and 5.)

In Grounds One and Two of the Petition, McNamara cites jail conditions such as overcrowding and noise as affecting his ability to obtain adequate sleep necessary for his participation in various aspects of his defense, including his ability to help examine allegedly inconsistent statements offered as evidence at his trial; he also appears to claim that the jail conditions during his trial violated his right to due process of law. (Petition, Grounds One and Two). In Ground Five, Petitioner asserts that access to a law library, which he could use to help in his defense during his trial, was not provided. (Petition, Ground Five.) These claims appear to be unexhausted; however, 28 U.S.C. § 2254 (b) (2) provides that "an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state." Section (b)(2) may only be invoked if it is perfectly clear that a Petitioner fails to raise even a colorable federal claim. See Lambert v. Blackwell, 134 F.3d 506, 514-15 (3d Cir. 1997). Petitioner presents nothing more than bald assertions with respect to these claims; moreover, they relate to jail conditions properly addressed

---

expected to state facts that point to a 'real possibility of constitutional error.'" (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

by a Complaint pursuant to 42 U.S.C. § 1983 rather than a § 2254 petition.  See Prieser v. Rodriguez, 411 U.S. 475, 484 (1973); see also Veatsch v. United States, 105 .3d 670 (10th Cir. 1997) (unpublished decision: federal prisoner's claim that jail conditions deprived him of a fair trial not cognizable under 28 U.S.C. § 2241).  Moreover, Petitioner points to no specific constitutional guarantee of minimal jail conditions necessary for a defendant's participation in a fair trial.  See Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)  (when generalized arguments of denial of due process as opposed to specific guarantees under the Bill of Rights were advanced; relief can be granted only if the trial is so infected with unfairness as to make the conviction a denial of due process); Windham v. Markle, 163 F.3d 1092, 1103 (9th Cir. 1998).  Petitioner must show that there are no permissible inferences that the jury could have drawn from the admission of the evidence he sought to oppose with allegedly adequate sleep and proper concentration.  In addition, the evidence admitted and opposed must "be of such quality as necessarily to prevent a fair trial."  Kealohapauole v. Shimoda, 800 F.2d 1463, 1465 (9th Cir. 1986), cert. denied, 479 U.S. 1068 (1987).  As Petitioner has failed to make the necessary showing that his right to Due Process was in any way compromised by the alleged jail conditions, the Court will deny relief on these claims.

With respect to Ground Five, Petitioner was represented by a public defender at trial. (Pet., p.10.)  His due process right of access to the courts was not violated, where he had the assistance of an attorney during the course of his criminal trial, even if he had no access to law library during his pretrial detention.  See Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3d Cir. 1998) ("...provision of lawyers is one means by which a stat may provide prisoners with meaningful

access to courts."); see also U.S. v. Manthey, 92 Fed.Appx. 291 (6th Cir. 2004).  The Court also will deny relief on this claim.

Grounds Three and Four

In Grounds Three and Four, Petitioner asserts that the Prosecutor made several untrue statements at variance with grand jury minutes and police reports, and failed to provide an exculpatory police report to the defense, thus violating his right to a fair trial.  Petitioner has failed to carry his burden of proof on this ground.

The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense. U.S. v. Agurs, 427 U.S. 97, 109-10 (1976). The omission must be evaluated in the context of the entire record. Id. at 112.

> As the Court noted in Flecha v. Shannon, 2005 WL 851066, *5 (E.D.Pa.):
>
> While prosecutorial misconduct may so infect a trial with unfairness as to make any resulting conviction a denial of due process, Greer v. Miller, 483 U.S. 756, 765  (1987), it is not enough that the prosecutor's conduct "is undesirable, erroneous, or even universally condemned." Donnelly v. DeChristoforo, 416 U.S. 637, 643  (1974). Rather, the misconduct must rise to such a level that it deprived the petitioner of a fair trial. Smith v. Phillips, 455 U.S. 209, 221  (1982). At this stage, the present inquiry is "the narrow one of due process, and not the broad exercise of supervisory power." Donnelly, 416 U.S. at 642. Accordingly, the only relevant consideration is whether the state court decision rejecting the claim of prosecutorial misconduct was contrary to, or an unreasonable application of, Supreme Court precedent.

Both the post-conviction court and the Appellate Division found no error (Opinion of the New Jersey Superior Court, Appellate Division, A-4013-99T4,  April 11, 2002, at p.6.)  In addition, review of the record shows that Petitioner also has failed to demonstrate a due process

violation or violation of any other federal right.  See Donnelly v. DeChristoforo, supra.[5]  As Petitioner has failed to show that resolution of this issue involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented, habeas relief will be denied on this claim.  Williams v. Taylor, supra.

Ground Six

Petitioner in his amendment to the Petition apparently seeks to raise a claim respecting the remand of his direct appeal for resentencing.  Review of the Appellate Division's decision of Petitioner's direct appeal indicates that he received a lower sentence after the remand, and in any event, Petitioner fails to state a constitutional claim; see Johnson v. Rosemeyer, supra.  Moreover, this ground also appears to relate to Grounds Three and Four, raised previously and rejected.  The Court also will deny relief on this claim.[6]

---

[5] The Court also notes that, to the extent that Petitioner argues that the admission of certain evidence was improper, he fails to raise a constitutional claim.  Federal courts reviewing habeas claims cannot "reexamine state court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) (citing Estelle).  Inquiry as to whether this evidence was correctly admitted under New Jersey law plays "no part [in] a federal court's habeas review of a state conviction." Estelle, 502 U.S. at 67.  Because it is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions," this court's inquiry is "limited to deciding whether [petitioner's] conviction violated the Constitution, laws, or treaties of the United States." Id. at 68.  For a Due Process violation to exist, the evidence must "be of such quality as necessarily to prevent a fair trial." Kealohapauole v. Shimoda, 800 F.2d 1463, 1465 (9th Cir. 1986), cert. denied, 479 U.S. 1068 (1987).  In light of the record, prior state court findings, and his Petition, Petitioner has failed to make the necessary showing of a violation of Due Process.

[6] Although it is unclear whether petitioner is raising a claim of ineffective assistance of counsel, the Court not that this issue was address by the New Jersey Appellate Division, and that its decision involved no unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  Williams v. Taylor, supra.

Certificate of Appealability

Because McNamara has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253 (c).  See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## IV.  CONCLUSION

Based upon the foregoing discussion, the Court will deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability.  See 28 U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

An appropriate Order accompanies this Opinion.

 /s/ Faith S. Hochberg
FAITH S. HOCHBERG, U.S.D.J.

DATED:  October 25, 2005